Gay & Co. *vs.* Suthon.

No. 7800.

No. 7336.

## E. J. GAY & CO. VS. M. M. SUTHON.

Parties to negotiable paper are not bound *in solido* within the intendment of the Code, although each is bound for the whole. Their solidarity is imperfect because it is created by separate and distinct contracts, and the resulting consequence is that the citation of one of them does not interrupt prescription as to the others.

APPEAL from the District Court for Lafourche.    BEATTY, J.

*Walter Guion* and *Sims* for Plaintiffs Appellants.    *Suthon* and *J. S. Goode* for Defendant.

Mrs. Suthon, the defendant, bought certain lands, giving four notes therefor, and sold the land to Pike, who assumed payment of the notes. Suit was brought on them against Pike and judgment

obtained against him. Then the notes and judgment became the property of the plaintiffs, who brought this suit to recover judgment against Mrs. Suthon, who pleaded prescription. The question was whether the suit against Pike had interrupted prescription as to Mrs. Suthon. Two of the notes were evidently not prescribed. The other two were, unless the suit against Pike had wrought an interruption.

MARR, J. We do not understand how the suit against Pike could interrupt the prescription which was running in favour of Mrs. Suthon. A citation served on the principal debtor interrupts the prescription on the part of the surety. R. C. C., Art. 3553. But Pike was not the principal debtor, nor was Mrs. Suthon his surety. Mrs. Suthon, the maker of the notes, was the principal debtor, originally the sole debtor. By a subsequent contract between herself and Pike, Pike assumed the payment of the debt represented by these notes. He was Mrs. Suthon's debtor for that amount; and in discharge of his indebtedness to her, he undertook and agreed with her to pay the notes for which she was bound. The relation of principal and surety did not exist between them. By the contract Pike became the delegated debtor; and no other relation existed between himself and Mrs. Suthon.

The citation of one of the debtors *in solido* interrupts the prescription with regard to the others. R. C. C., Art. 3552. But Mrs. Suthon and Pike were not debtors *in solido* in the sense of the Code. They were debtors *in solidum*, that is, each was bound to pay the whole amount; but they were not bound *uno eodemque contractu*. Mrs. Suthon was bound by her contract and the notes given to her vendor; and Pike was bound by his contract with Mrs. Suthon to pay the notes to the holder. Their respective obligations constituted that imperfect solidarity which we think is well expressed by the words *in solidum*.

This whole subject was fully considered in Jacobs *v.* Williams, 12 Rob. 183; and the conclusion of the court, after an exhaustive review of the authorities, was, that the parties to negotiable paper, although each was bound for the whole, were not debtors *in solido*, within the intendment of the Code; that their solidarity was imperfect, because it was created by separate and distinct contracts; and that the citation of one of them, whether the maker, or the drawer,

or the acceptor, or the endorser, did not interrupt prescription with regard to the others. This decision was approved and affirmed in McCaloss *v.* Newcomb, 2 An. 332 ; Hickman *v.* Stafford, 2 An. 792, and Corning *v.* Wood, 15 An. 168.

These cases establish the principle that the perfect solidarity, which is expressed in the Code by the words *in solido*, exists only where several are bound by one and the same contract, to one and the same creditor or obligee, or to the same creditors or obligees, to do one and the same thing; and it is only where this perfect solidarity exists that the citation of one of the debtors interrupts the prescription with regard to the others.

*Judgment affirmed.*